IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John D. DAY, Attorney at Law.

Supreme Court

*No. 85–0937–D. Filed October 8, 1985.*
(Also reported in 374 N.W.2d 636.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney John D. Day be publicly reprimanded for professional misconduct consisting of neglect of two legal matters and misrepresentations made to his clients concerning the status of those matters. The referee also recommended that Attorney Day be required to pay the costs of this proceeding. We agree that a public reprimand is appropriate discipline under the circumstances of this case and that Attorney Day should pay the costs of the proceeding.

Attorney Day was admitted to practice law in Wisconsin in 1957 and practices in Spencer. In 1975 he was publicly reprimanded for having failed to file income tax returns, and in 1985 he received a private reprimand from the Board of Attorneys Professional Responsibility for his failure to have obtained service on a party in a divorce action, which resulted in that party's commencing a divorce action in another jurisdiction. The referee in this proceeding is the Honorable Rodney L. Young, reserve judge.

The referee found, pursuant to a stipulation of the parties, that in March, 1982, a man whom Attorney Day had been representing in other matters retained him to represent him and a friend in making application to the governor for a pardon, as each of them had been convicted of a felony. Attorney Day's client paid him $100 as a retainer for his representation of the two of them. Several weeks later, Attorney Day told the client that the pardon applications were pending before the Pardon Board, when in fact no such applications had been made. The client and his friend subsequently obtained other counsel and were pardoned by the governor in December, 1983. The referee concluded that Attorney Day's failure to prepare and file the pardon applications constituted neglect of the client's legal matter, in violation of SCR 20.32(3), and that his misrepresentations as to the status of those matters violated SCR 20.04(4).

We accept the referee's findings and conclusions and determine that a public reprimand is appropriate discipline.

IT IS ORDERED that Attorney John D. Day is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney John D. Day pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Day of his inability to pay the costs within the time specified, the license of Attorney John D. Day to practice law in Wisconsin shall be suspended until further order of the court.